**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

DELMI AMANDA AREVALO,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

1:18-cv-07675-NLH

**OPINION**

---

**APPEARANCES:**

WILLIAM A. SHEEHAN
24 SOUTH BROAD STREET
WOODBURY, NJ 08096

    *On behalf of Plaintiff*

LAUREN DONNER CHAIT
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET
6TH FLOOR
PHILADELPHIA, PA 19123

    *On behalf of Defendant*

**HILLMAN**, District Judge

    This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding Plaintiff's application for Disability Insurance Benefits ("DIB")[1] under Title II of the Social Security

---

[1] DIB is a program under the Social Security Act to provide

Act. 42 U.S.C. § 423, et seq. The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that Plaintiff was not disabled at any time since her alleged onset date of disability, October 1, 2011. For the reasons stated below, this Court will affirm that decision.

## I. BACKGROUND AND PROCEDURAL HISTORY

On May 30, 2013, Plaintiff, Demi Amanda Arevalo, protectively filed an application for DIB,[2] alleging that she became disabled on October 1, 2011. Plaintiff claims that she can no longer work in her prior jobs as a packager/handler for food products, plastics packager, and assembly machine tender because of her severe impairments of diabetes with neuropathy, hypertension, arthritis, gall bladder disease, degenerative disc disease of the lumbar spine, and depression.

Plaintiff's initial claim was denied on March 12, 2014 and upon reconsideration on May 22, 2014. Plaintiff requested a

---

disability benefits when a claimant with a sufficient number of quarters of insured employment has suffered such a mental or physical impairment that the claimant cannot perform substantial gainful employment for at least twelve months. 42 U.S.C. § 423 et seq.

[2] A protective filing date marks the time when a disability applicant made a written statement of his or her intent to file for benefits. That date may be earlier than the date of the formal application and may provide additional benefits to the claimant. See SSA Handbook 1507; SSR 72-8.

hearing before an ALJ, which was held on July 6, 2016. The ALJ issued an unfavorable decision on February 1, 2017. Plaintiff's Request for Review of Hearing Decision was denied by the Appeals Council on February 14, 2018, making the ALJ's February 1, 2017 decision final. Plaintiff brings this civil action for review of the Commissioner's decision.

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for social security benefits. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995). A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Substantial evidence means more than "a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)).

Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The inquiry is not whether the reviewing court would have made the same determination, but whether the

3

Commissioner's conclusion was reasonable. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality. See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984). "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)). The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him. Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

4

> Unless the [Commissioner] has analyzed all
> evidence and has sufficiently explained the
> weight he has given to obviously probative
> exhibits, to say that his decision is
> supported by substantial evidence approaches
> an abdication of the court's duty to
> scrutinize the record as a whole to
> determine whether the conclusions reached
> are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978). Although an ALJ, as the fact finder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004).

In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182. However, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards. Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

B. **Standard for DIB**

The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in any substantial

5

gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A).

Under this definition, a Plaintiff qualifies as disabled only if her physical or mental impairments are of such severity that she is not only unable to perform her past relevant work, but cannot, given her age, education, and work experience, engage in any other type of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work. 42 U.S.C. § 1382c(a)(3)(B) (emphasis added).

The Commissioner has promulgated regulations[3] for determining disability that require application of a five-step sequential analysis. See 20 C.F.R. § 404.1520. This five-step process is summarized as follows:

1. If the claimant currently is engaged in substantial gainful employment, she will be found "not disabled."

---

[3] The regulations were amended for various provisions effective March 27, 2017. See 82 F.R. 5844. Social Security Rulings 96-2p, 96-5p, and 06-03p were rescinded. See 82 F.R. 15263. The ALJ cited to these SSRs, but because the ALJ issued her decision before this date, the amendments are not applicable to Plaintiff's appeal.

6

2. If the claimant does not suffer from a "severe impairment," she will be found "not disabled."

3. If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

4. If the claimant can still perform work she has done in the past ("past relevant work") despite the severe impairment, she will be found "not disabled."

5. Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not she is capable of performing other work which exists in the national economy. If she is incapable, she will be found "disabled." If she is capable, she will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f). Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

This five-step process involves a shifting burden of proof. See Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983). In the first four steps of the analysis, the burden is on the claimant to prove every element of her claim by a preponderance of the evidence. See id. In the final step, the Commissioner bears the burden of proving that work is available for the Plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other

kind of substantial gainful employment he is able to perform."
Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v.
Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

**C.   Analysis**

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability.  At step two, the ALJ found that Plaintiff had the serve impairments of diabetes with neuropathy, hypertension, arthritis, gall bladder disease, degenerative disc disease of the lumbar spine, and depression.  At step three, the ALJ determined that Plaintiff's severe impairments or her severe impairments in combination with her other impairments did not equal the severity of one of the listed impairments.

The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform light work at the unskilled level with certain restrictions.[4]  The ALJ found

---

[4] See 20 C.F.R. § 404.1568 (explaining that unskilled work "is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time"); 20 C.F.R. § 404.1567 ("Physical exertion requirements. To determine the physical exertion requirements of work in the national economy, we classify jobs as sedentary, light, medium, heavy, and very heavy."); 20 C.F.R. § 404.1567 ("Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you

8

Plaintiff's RFC to be as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant cannot perform work that requires English fluency. She can perform no climbing of ladders, ropes, or scaffolds. The claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. She must avoid concentrated exposure to temperature extremes, wetness and humidity and must avoid all exposure to unprotected heights and dangerous moving machinery. The claimant can perform simple routine work involving simple work related decisions with few if any work place changes.

(R. at 53.)

After considering a vocational expert's testimony, the ALJ concluded that Plaintiff's RFC enabled her to perform her past relevant work as she previously performed it as a packaging handler of food products and assembly machine tender.[5]

Plaintiff challenges the ALJ's decision that she retained the RFC to perform her past jobs. Plaintiff points out that the assembly machine tender job, where she worked in an assembly

---

must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. . . .").

[5] Because the ALJ concluded that Plaintiff was capable of performing her past relevant work, the ALJ did not need to continue to step five of the sequential step analysis. Benjamin v. Commissioner of Social Security, 2019 WL 351897, at *4 n.9 (D.N.J. 2019) (citing Valenti v. Commissioner of Social Sec., 373 F. App'x 255, 258 n.1 (3d Cir. 2010); 20 C.F.R. § 404.1520(b)-(f)).

9

line making windows, was performed when she was 48-49 years old, and the package handler job was performed when she was 53-54 years old. She left the package handler job in October 2011 because "she could not handle it any more." Because of her inability to communicate in English[6] and her advancing age, along with her inability to perform work at the light exertional level, Plaintiff argues that the ALJ erred in concluding she was capable of still working in those jobs.

Under SSA regulations, a claimant's age and literacy in

---

[6] Plaintiff was born in El Salvador and was only in school through the second grade. She had been working in the United States for 12 years at the time of her disability onset date, and she speaks Spanish, but says she can understand and speak minimal English. The SSA regulations address a claimant's English literacy and education:

> (5) Inability to communicate in English. Since the ability to speak, read and understand English is generally learned or increased at school, we may consider this an educational factor. Because English is the dominant language of the country, it may be difficult for someone who doesn't speak and understand English to do a job, regardless of the amount of education the person may have in another language. Therefore, we consider a person's ability to communicate in English when we evaluate what work, if any, he or she can do it. It generally doesn't matter what other language a person may be fluent in.

> (6) Information about your education. We will ask you how long you attended school and whether you are able to speak, understand, read and write in English will also consider other information about how much formal or informal education you may have had through previous work, community projects, hobbies, and any other activities, which might help you to work.

20 C.F.R. § 404.1564(b)(5) and (6).

English are two factors an ALJ must consider in determining whether a claimant is disabled. The relevant regulations provide:

> (g) Individuals approaching advanced age (age 50-54) may be significantly limited in vocational adaptability if they are restricted to sedentary work. When such individuals have no past work experience or can no longer perform vocationally relevant past work and have no transferable skills, a finding of disabled ordinarily obtains. . . . For this age group, even a high school education or more (ordinarily completed in the remote past) would have little impact for effecting a vocational adjustment unless relevant work experience reflects use of such education.
>
> (h)(1) The term *younger individual* is used to denote an individual age 18 through 49. For individuals who are age 45-49, age is a less advantageous factor for making an adjustment to other work than for those who are age 18-44. Accordingly, a finding of "disabled" is warranted for individuals age 45-49 who:
>
> (i) Are restricted to sedentary work,
>
> (ii) Are unskilled or have no transferable skills,
>
> (iii) Have no past relevant work or can no longer perform past relevant work, and
>
> (iv) Are unable to communicate in English, or are able to speak and understand English but are unable to read or write in English.

Appendix 2 to Subpart P of Part 404—Medical-Vocational Guidelines, 20 C.F.R. Part 404, Sec. 201.

Thus, under these regulations, a claimant will ordinarily be found disabled if she is: (1) 50-54 years old, (2) has no past work experience, cannot perform her past work, or has no transferrable skills, and (3) is limited to sedentary work.

11

When the same factors are met for a claimant who is 45-49 years old, but the claimant is also considered illiterate in English, that claimant will ordinarily be found disabled as well.

Accepting Plaintiff's argument that she is illiterate in English,[7] and recognizing that Plaintiff was in the 45-54 age range, Plaintiff fails to meet the other factors for presumptive disability.  First, the ALJ did not limit Plaintiff to sedentary work, but rather light work.  Second, the ALJ found that Plaintiff was capable of performing her past work.  Plaintiff states in conclusory fashion that she cannot perform light work, and she cannot perform her past jobs, but she does not point to specific evidence in the record that the ALJ improperly considered or failed to consider to support her contention.  It is Plaintiff's burden to do so to prove that she is disabled.  See Zirnsak v. Colvin, 777 F.3d 607, 611 (3d Cir. 2014) (providing that the claimant always bears the burden of establishing by the preponderance of the evidence (1) that she is severely impaired, and (2) either that the severe impairment meets or equals a listed impairment, or that it prevents her from performing her past work); 20 C.F.R. § 404.1520(b)-(f).

To address Plaintiff's inability to communicate in English,

---

[7] The ALJ did not find Plaintiff to be illiterate in English, but considered it a factor in determining Plaintiff's RFC.  (R. at 53.)

12

the Court notes that the ALJ considered it in the RFC determination, Plaintiff had been able to obtain and maintain her prior jobs with the same level of English literacy, and Plaintiff's jobs were unskilled, which type of jobs are minimally impacted by a claimant's illiteracy.  See Appendix 2 to Subpart P of Part 404—Medical-Vocational Guidelines, 20 C.F.R. Part 404, Sec. 201. ("While illiteracy or the inability to communicate in English may significantly limit an individual's vocational scope, the primary work functions in the bulk of unskilled work relate to working with things (rather than with data or people) and in these work functions at the unskilled level, literacy or ability to communicate in English has the least significance.").

The Court finds that Plaintiff's challenge to the ALJ's decision amounts to a simple disagreement rather than a lack of record evidence to support her decision.  Plaintiff's feeling that the ALJ's decision was "an abuse of discretion resulting in a miscarriage of justice" (Docket No. 12 at 10) without more is insufficient to show that the ALJ's decision was not supported by substantial evidence.  See, e.g., Perkins v. Barnhart, 79 F. App'x 512, 514–15 (3d Cir. 2003) ("Perkins's argument here amounts to no more than a disagreement with the ALJ's decision, which is soundly supported by substantial evidence."); Moody v. Commissioner of Social Security Administration, 2016 WL 7424117,

at *8 (D.N.J. 2016) ("[M]ere disagreement with the weight the ALJ placed on the opinion is not enough for remand."); Grille v. Colvin, 2016 WL 6246775, at *8 (D.N.J. 2016) ("Distilled to its essence, Plaintiff's argument here amounts to nothing more than a mere disagreement with the ALJ's ultimate decision, which is insufficient to overturn that decision.").

Moreover, the Court does not find after an independent review of the record that any error in the ALJ's decision that would warrant reversal. See, e.g., Desorte v. Commissioner of Social Security, 2019 WL 1238827, at *6 (D.N.J. 2019) (citing Richardson, 402 U.S. at 401; Daring, 727 F.2d at 70) ("This Court must review the evidence in its totality, and take into account whatever in the record fairly detracts from its weight. Plaintiff has not provided the Court with specific evidence that detracts from the ALJ's RFC assessment, which the Court finds on its independent review to be reasonable and substantially supported."); Barnes v. Commissioner of Social Security, 2018 WL 1509086, at *4 (D.N.J. 2018) ("Plaintiff does not make any specific contentions as to where the ALJ erred and this Court's own independent review finds no error. On the contrary, the Court's review of the ALJ's decision finds that the ALJ properly followed the standards set forth above, and that the ALJ's decision was supported by substantial evidence.").

Consequently, the Court finds that the ALJ's determination

that Plaintiff was not totally disabled as of October 1, 2011 is supported by substantial evidence. The decision of the ALJ is therefore affirmed.

An accompanying Order will be issued.


Date: June 27, 2019                         s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.